GEORGE HUNTON, PLAINTIFF AND RESPONDENT, v.
ISAAC PALMER, DEFENDANT AND PROSECUTOR.

Submitted July 9, 1901—Decided November 11, 1901.

1. An affidavit required or authorized to be taken for any lawful pur-
   pose whatever, when taken out of the state, may, by express
   provision of our statute, be taken before a master of the Court of
   Chancery.
2. In a suit in replevin in the district court, if the plaintiff does not
   require the delivery to him of the property in question, the con-
   stable to whom the writ issues shall, if so directed in writing by
   the plaintiff or his attorney, serve the process as in other cases,
   without taking or delivering the property.
3. Where the process in a replevin suit was served upon the defend-
   ant as in other cases, and the defendant appeared, and the case
   was contested at the trial and judgment was entered against the
   defendant awarding the possession of the property to the plaintiff,
   as provided by the one hundred and forty-third section of the Dis-
   trict Court act, the defendant cannot be heard to say that the
   court was without jurisdiction because there was no written direc-
   tion to the constable not to take the property under the writ in
   the first instance.
4. In a replevin suit the district court may allow an attorney fee to
   the prevailing party not to exceed $10.

On *certiorari* to the District Court.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *James D. Manning* and *F. F. Furey.*

For the respondent, *Weller & Lichtenstein.*

The opinion of the court was delivered by

FORT, J.    A master in chancery of this state has authority
to take the acknowledgment and proof of deeds outside of this
state for lands lying in this state where the parties reside out
of this state and execute the deed out of this state. The power
is expressly conferred by statute. *Gen. Stat., p.* 853, § 7. The
revision of the Conveyancing act of 1898 contains the same

power. *Pamph. L., p.* 679, § 23.   Our statute also declares
that any affidavit required or authorized to be taken for any
lawful purpose whatever, when taken out of the state, may be
taken before any officer who may be authorized by the laws of
this state to take the acknowledgment of deeds in such state.
That statute confers authority upon a master in chancery to
take an affidavit out of this state for use in this state. *Gen.
Stat., p.* 2334, § 37.   The objection to the affidavit to the
chattel mortgage in this case is therefore without substance.

There is no error in the record to sustain any of the other
reasons assigned for reversal.   The suit was one in replevin,
and there was a waiver of the taking of the property under
the writ, as is authorized by the District Court act. *Pamph.
L.* 1898, *p.* 610, § 143.   The judgment record before us ex-
pressly certifies "that the plaintiff in the above case did not
require a delivery of the property set forth and described in
said writ to him," which brings the case within section 143 of
the District Court act.

The only contention in this regard against the judgment is
that the record does not show that the non-requirement of the
delivery of the property was "directed in writing by the plaint-
iff or his attorney," as required by the statute.   That is not a
matter which the defendant can raise.   He cannot object to
the fact that the plaintiff did not take his property under the
writ.   The writ was served and returned, and the case tried as
other causes, and a judgment was entered awarding the pos-
session of the property in question to the plaintiff, and an
order was made, as a part of the judgment, to take the prop-
erty and deliver it to the plaintiff.   The defendant appeared in
the action and defended the suit.   The judgment was in strict
conformity to the statute.

Objection is also made to the allowance of an attorney fee
of $10 as not authorized by law.   This is expressly provided
for in replevin cases. *Pamph. L.* 1898, *p.* 636.

There is no error in the record, and the judgment of the
District Court is affirmed.